Filed 6/23/26  P. v. McClay CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086402 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD304200) |
| KEONTAE LARAY MCCLAY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Keontae Laray McClay, in pro. per.; and Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Keontae Laray McClay appeals from a judgment and sentence of six years in state prison.  After conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), we affirm the judgment.

# I.

## *Background*

At 3:00 p.m. on June 3, 2024, G.R. arrived at her home with her child just in time to see McClay drive up the residential street in his car. He "wasn't driving very well" and "[s]uddenly he parked, but his front tire ended upon the curb." McClay then reclined back in the driver seat, closed his eyes, and did not move for 10 or 15 minutes. G.R.'s son called the police to make sure McClay was okay.

When Officer Ziya Cuvadar responded, she saw both passenger side wheels of McClay's vehicles parked "up on the curb, which is unusual." McClay was asleep in the driver's seat, the keys were in the ignition, and the engine was running. When Cuvadar woke him up, McClay spoke with slurred speech. He had glassy and droopy eyes, his movements were very slow, and he had an odor of an alcoholic beverage. He stated he drank one to two "Amsterdams." He failed the field sobriety tests and had a blood alcohol content of 0.36 according to a preliminary alcohol screening test. McClay stipulated that a blood sample obtained after his arrest was tested and showed a blood alcohol content of 0.389 percent, plus or minus 0.011.

Before the People rested their case, McClay stipulated that he had been convicted of felony driving under the influence (DUI) in 2018. McClay did not present any affirmative evidence in his defense.

After the jury began deliberations and outside its presence, McClay admitted the truth of two aggravating factors (Cal. Rules of Court, rule 4.421(b)(3) [defendant has served a prior term in prison or county jail] and rule 4.421(b)(2) [defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing

2

seriousness]) and admitted a 2003 strike prior of assault with a deadly weapon (Pen. Code,[1] §§ 667, subd. (b), 1170.12, 668).

The jury convicted McClay of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 1) and driving while having a blood alcohol content at or above 0.08 percent (*id.*, § 23152, subd. (b); count 2). As to both counts, the jury found true that McClay had a blood alcohol content of 0.15 percent or more at the time of the offenses (Veh. Code, § 23578) and that he had been convicted of a prior DUI within the preceding 10 years (Veh. Code, §§ 23626 & 23550.5, subd. (a)).

At sentencing, the trial court denied McClay's motion to dismiss the strike prior under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court imposed a total prison term of six years, consisting of the upper term of three years on count 1, doubled for the strike prior. The court imposed and stayed pursuant to section 654 another six-year term on count 2.

## II.

### *Discussion*

McClay's appointed appellate counsel filed a brief raising no issues and invited this court to independently review the record under *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. To assist this court in its review, counsel identified the following issue: "Was defense counsel ineffective by failing to request bifurcation of [McClay's] prior convictions under Vehicle Code section 23152 subdivision (a)?"

To demonstrate ineffective assistance of counsel, a defendant "must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." (*Wiggins v. Smith* (2003) 539 U.S. 510, 521, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) To establish

---

[1] All further undesignated statutory references are to the Penal Code.

3

prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland,* at p. 694.) Further, the defendant "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Assuming without deciding there was deficient performance, we would conclude the deficiency did not prejudice McClay given the overwhelming evidence of his guilt on the conviction offenses.

McClay filed a supplemental brief on his own behalf, asserting seven sentencing errors. We address each contention, and reject them all. (See *People v. Kelly* (2006) 40 Cal.4th 106, 124 ["the Court of Appeal must prepare a written opinion that describes the contentions personally raised by the defendant and the reasons those contentions fail"].)

First, McClay claims the trial court imposed an enhancement that is no longer authorized or requires reconsideration under current law, namely *his prior DUI conviction.* Vehicle Code section 23550.5, subdivision (a), provides a current DUI offense is punishable as a felony if it "occurred within 10 years" of a prior DUI conviction. McClay does not point us to any ameliorative legislation, nor are we aware of any, that amended any relevant aspect of Vehicle Code section 23550.5, subdivision (a).

Second, McClay contends the court failed to lawfully select the middle or lower term in violation of section 1170, subdivision (b). McClay waived his right to a jury trial and admitted the existence of two aggravating circumstances. This allowed the court to properly impose the upper term on count 1. (§ 1170, subd. (b)(2) ["court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime

4

that justify imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant"].)

Third and related to his second claim, McClay asserts that the court imposed an unauthorized sentence by failing to apply Assembly Bill No. 124 (2021–2022 Reg. Sess.) which amended section 1170 to make the low-term sentence presumptively appropriate under specified circumstances.[2] But he did not argue nor request the court find the existence of any circumstance under section 1170, subdivision (b)(6), to merit the low term sentence. A party forfeits a claim of sentencing error by failing to raise it in the trial court below. (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*).)

Fourth, he asserts the court improperly made dual use of a prior felony DUI conviction as both an enhancement and an aggravating factor. There was no improper dual use. (See *People v. Doyle* (2013) 220 Cal.App.4th 1251, 1257–1260 [prior DUI manslaughter could be used both to elevate the current DUI to a felony under Vehicle Code section 23550.5 and to serve as a strike under the Three Strikes law].)

---

[2] Section 1170, subdivision (b)(6), provides "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to abuse, neglect, exploitation, or sexual violence. (B) The person is a youth or was a youth . . . . (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."

Fifth, he claims the court failed to dismiss or strike enhancements required by section 1385 as amended by Senate Bill No. 81,[3] contending specifically that the court failed to identify mitigating factors, failed to apply the presumption favoring dismissal, and failed to make express findings that dismissal would endanger public safety.  McClay has forfeited any argument under section 1385—which was amended by Senate Bill No. 81 more than three years earlier—because he made no mention of the statute, and his counsel did not invite the court to exercise its discretion under the statute to dismiss or strike any allegation of the accusatory pleading.  The failure to invite the court to dismiss under section 1385 waives or forfeits the right to raise the issue on appeal.  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724; see *Scott, supra*, 9 Cal.4th at p. 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)

Sixth, he claims the court failed to apply Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), which he explains "prohibits the imposition of multiple enhancements based on the same conditions and requires the prosecution to elect the enhancement that provides the greatest

---

[3]    As amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), effective January 1, 2022, section 1385, subdivision (c), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.  [¶]  . . .  In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(1), (2).)

punishment."[4]  The court stayed the six-year term on count 2 pursuant to section 654.  On this record, there is no other application of section 654.

And seventh, McClay contends cumulative error requires the sentence be vacated.  Since we have found no error, there is none to cumulate.  (See *People v. Midell* (2025) 113 Cal.App.5th 1060, 1083.)

We have independently reviewed the record as required by *Wende* and *Anders* and considered the contentions McClay raised in his supplemental brief.  Doing so, we find no arguable grounds for reversal or modification of the judgment.  Competent counsel has represented McClay on this appeal.

---

[4]    Effective January 1, 2022, Assembly Bill No. 518 amended section 654, subdivision (a), to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.)  Under newly amended section 654, a trial court is no longer required to punish under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)  Section 654 "now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence."  (*Mani,* at p. 379.)

## III.

### *Disposition*

The judgment is affirmed.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.